**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,

Plaintiff,

v.

OFFICE OF MANAGEMENT AND BUDGET and OFFICE OF INFORMATION AND REGULATORY AFFAIRS,

Defendants.

Civil Action No. 1:26-cv-7040

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the immediate release of records from the Office of Management and Budget ("OMB") and the Office of Information and Regulatory Affairs ("OIRA") concerning OIRA's decisions to approve or disapprove four proposed policies mandating that foreign travelers and immigrants disclose their social media identifiers to the government.

2. The practice of collecting social media information to vet immigrants and travelers dates back to the Obama administration, when the Department of Homeland Security ("DHS") began collecting social media identifiers from certain individuals on a voluntary basis. During the first Trump administration, the Department of State ("DOS") sought for the first time to institute disclosure of social media identifiers on a mandatory basis, proposing that immigrant and nonimmigrant visa applicants disclose identifiers used in the past five years. OIRA approved DOS's proposal, which remains in effect to this day. Soon thereafter, in July 2020 and February 2022, DHS sought approval from OIRA to institute a similar social media disclosure requirement

on several of its forms through two separate proposals. OIRA denied those collection requests, in one case noting that "the agency ha[d] not adequately demonstrated the practical utility of collecting this information." In November 2025, DHS once again sought approval to include a disclosure requirement on several of the same forms; this time, OIRA approved the collection request for a period of one year, with no public explanation for the change in its position.

3. Social media platforms serve as important forums for expressive activity. User accounts contain vast troves of sensitive information, including about users' political and religious beliefs and associations. Social media disclosure requirements chill protected speech and association and are especially harmful to racial, religious, and political minorities who have been and continue to be marginalized by the U.S. immigration system.

4. To learn more about OIRA's evaluation of the government's proposals to institute social media disclosure requirements, Plaintiff the Knight First Amendment Institute at Columbia University ("Plaintiff" or the "Knight Institute") submitted three FOIA requests to OMB seeking records relating to each of the four decisions. These records may shed light on the efficacy of such disclosure requirements, as well as on the government's explanation for implementing such an invasive and chilling surveillance regime.

5. Plaintiff has commenced this action because OMB has failed to release records in response to any of the three FOIA requests. Plaintiff seeks the injunctive relief necessary to ensure OMB's timely compliance with FOIA's requirements.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. The Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2).

9. Defendant OMB is an office within the Executive Office of the President of the United States and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). OMB has possession and control over the requested records.

10. Defendant OIRA is an office within OMB under the Executive Office of the President and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). OIRA has possession and control over the requested records.

## FACTUAL ALLEGATIONS

### *Background*

11. Government agencies have been collecting travelers' and visa applicants' social media information for over a decade. During the Obama administration, DHS began collecting social media identifiers from certain individuals on a voluntary basis. At least two internal DHS reports called into question the efficacy of the DHS programs, one recommending "implement[ation of a] process or mechanism for tracking and measuring the[ir] viability and success" and another finding that it was "not clear DHS was measuring and evaluating the pilots' results to determine how well they [were] performing."

12. Despite failing to demonstrate the efficacy of its social media screening programs, the government nonetheless elected to expand them. In 2018, DOS proposed a widespread, mandatory social media disclosure requirement that would apply to nearly all visa applicants. The disclosure requirement compelled applicants to list all social media platforms they have used in the last five years, including accounts that are no longer active. DOS claimed that this disclosure requirement, which affects roughly 15 million visa applicants each year, would "strengthen [the] process for vetting . . . applicants and confirming their identity."

13. DOS submitted this proposal to OIRA for approval. OIRA is a sub-department of OMB that is tasked with reviewing proposed government collections of information from the public. Under its mandate, OIRA reviews policy proposals that involve information-gathering to determine whether the information is necessary for government to properly function and whether the information "shall have practical utility."

14. Despite the fact that DOS offered no evidence as to if or how this social media disclosure requirement would help accomplish its stated goals, OIRA approved the proposal. OIRA's approval of this disclosure requirement is the subject of Plaintiff's 2025 FOIA request ("2025 Request").

15. In 2020, DHS requested permission to include a social media disclosure requirement on twelve different immigration forms, including applications for asylum, applications for naturalization, and registration for classification as a refugee. OIRA denied this request in April 2021, concluding that DHS "ha[d] not adequately demonstrated the practical utility of collecting [social media] information," adding that "the Executive Order directing the collection of this information has also been rescinded."

16. In 2022, Customs and Border Protection ("CBP") requested permission to include a social media disclosure requirement for individuals who enter the country pursuant to the Visa Waiver Program. OIRA denied this request, stating that CBP's collection of the relevant data would remain optional without providing further explanation.

17. OIRA's denials of the 2020 DHS proposal and the 2022 CBP proposal are the subject of Plaintiff's 2024 FOIA request ("2024 Request").

18. In 2025, U.S. Citizenship and Immigration Services ("USCIS") requested permission to include a social media disclosure requirement on nine different forms for immigration-related benefits. Though OIRA had previously rejected a 2020 DHS request to institute a social media disclosure requirement on these exact same forms, this time, without explanation, OIRA approved the request for one year. OIRA's approval of this disclosure requirement is the subject of Plaintiff's 2026 FOIA request ("2026 Request").

19. To date, the government has failed to cite publicly any evidence supporting the efficacy or utility of social media vetting as a means to achieve its interests. In fact, another FOIA lawsuit brought by the Knight Institute surfaced an email from an intelligence official within the Office of the Director of National Intelligence acknowledging social media identifiers "add no value" to the visa screening process. In October 2023, a senior administration official admitted that the social media vetting regime had yet to help identify terrorists among visa applicants.

20. The public has a right to know how the government justifies its invasive and chilling social media disclosure requirements for foreign travelers and visa applicants, what information OIRA relied on in approving and disapproving of disclosure requirement policies, and whether there is any evidence to support the efficacy of the disclosure requirements in achieving the government's stated goals.

### *FOIA Requests*

*The August 2, 2024 FOIA Request*

21. On August 2, 2024, the Knight Institute submitted a FOIA request to OIRA seeking records and communications relating to "two decisions by the Office of Information and Regulatory Affairs . . . rejecting proposals to expand social media disclosure requirements for foreign travelers."[1]

22. The request sought the following documents:

a. "All records and communications relating to OIRA's review of and decision regarding ICR Reference Number 202007-1601-001, titled 'Generic Clearance for the Collection of Social Media Information on Immigration and Foreign Travel Forms.'"

b. "All records and communications relating to OIRA's review of and decision regarding ICR Reference Number 202112-1651-004, titled 'Arrival and Departure Record and Electronic System for Travel Authorization (ESTA).'"

*The December 9, 2025 FOIA Request*

23. On December 9, 2025, the Knight Institute submitted a FOIA request to OIRA seeking records and communications relating to OIRA's review of and decision regarding the DOS's proposed social media disclosure requirement.[2]

24. The request sought the following documents: "[A]ll records and communications relating to OIRA's review of and decision regarding ICR Reference Number 201808-1405-009, titled 'Electronic Application for Immigrant Visa and Alient Registration.'"

*The March 30, 2026 FOIA Request*

25. On March 30, 2026, the Knight Institute submitted a FOIA request to OIRA seeking records and communications relating to OIRA's review of and decision regarding USCIS's

---

[1] A true and correct copy of the 2024 FOIA request is attached hereto as Exhibit A.
[2] A true and correct copy of the 2025 FOIA request is attached hereto as Exhibit B.

proposal to include a social media disclosure requirement on nine different USCIS forms for immigration-related benefits.[3]

26. The request sought the following documents: "[A]ll records and communications relating to OIRA's review of and decision regarding ICR Reference Number 202511-1615-008, titled 'Generic Clearance for the Collection of Social Media Identifier(s) on Immigration Forms.'"

* * *

27. In all three FOIA requests, the Knight Institute requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

***Agency Response***

28. By email dated August 4, 2024, OMB acknowledged receipt of the 2024 Request and assigned it reference number 2024-982.[4] OMB did not respond to Plaintiff's requests for expedited processing and a fee waiver. To date, OMB has not released any records responsive to the 2024 Request or explained its failure to do so.

[3] A true and correct copy of the 2026 FOIA request is attached hereto as Exhibit C.
[4] A true and correct copy of OMB's acknowledgment of the 2024 FOIA request is attached hereto as Exhibit D.

29. By email dated December 10, 2025, OMB acknowledged receipt of the 2025 Request and assigned it reference number 2026-237.[5] OMB did not respond to Plaintiff's request for a fee waiver. To date, OMB has not released any records responsive to the 2025 Request or explained its failure to do so.

30. By email dated March 30, 2026, OMB acknowledged receipt of the 2026 Request and assigned it reference number 2026-492.[6] To date, OMB has not released any records responsive to the 2026 Request or adequately explained its failure to do so.

31. Under FOIA, OMB has twenty working days to respond to a request. See 5 U.S.C. § 552(a)(6)(A)(i). More than twenty working days have passed since the Knight Institute filed the 2024, 2025, and 2026 FOIA requests. Thus, these statutory time periods have elapsed.

32. Plaintiff has exhausted all administrative remedies because OMB has failed to comply with the time limit for responding to the FOIA requests.

33. OMB continues to wrongfully withhold the requested records from Plaintiff.

## CAUSES OF ACTION

34. Defendants' failure to make and communicate a determination whether to comply with the FOIA requests within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A)(i), and Defendants' corresponding regulations, 5 C.F.R. § 1303 *et seq*.

35. Defendants' failure to make records responsive to the FOIA requests promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations, 5 C.F.R. § 1303 *et seq*.

[5] A true and correct copy of OMB's acknowledgement of the 2025 FOIA request is attached hereto as Exhibit E.
[6] A true and correct copy of OMB's acknowledgement of the 2026 FOIA request is attached hereto as Exhibit F.

36. Defendants' failure to grant Plaintiff's request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), (iii), and Defendants' corresponding regulations, 5 C.F.R. § 1303 *et seq*.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a thorough search for records responsive to Plaintiff's requests;

B. Order Defendants to immediately process and release any responsive records;

C. Enjoin Defendants from charging Plaintiff search, review, and duplication fees relating to the requests;

D. Award Plaintiff its reasonable costs and attorneys' fees incurred in this action; and

E. Grant such other and further relief as the Court may deem just and proper.

August 18, 2026

Respectfully submitted,

s/ *Anna Diakun*

Anna Diakun
Nicola Morrow*
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
anna.diakun@knightcolumbia.org

*Counsel for Plaintiff*

*Admission pending