JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>Plaintiff,<br><br>-against-<br><br>OFFICE OF MANAGEMENT AND BUDGET and OFFICE OF INFORMATION AND REGULATORY AFFAIRS,<br><br>Defendants. | Case No. 26 Civ. 7040 (DLC)<br><br>**ANSWER** |

Defendants Office of Management and Budget ("OMB") and Office of Information and Regulatory Affairs ("OIRA"), by and through their attorney, James M. McDonald, United States Attorney for the Southern District of New York, answer the correspondingly numbered paragraphs of Plaintiff Knight First Amendment Institute at Columbia University complaint, ECF No. 1, upon information and belief as follows:[1]

[1] Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action.

## INTRODUCTION

1. Paragraph 1 contains Plaintiff's characterization of this action and prayer for relief, to which no response is required.

2. Paragraph 2 consists of factual allegations that are not relevant to Plaintiff's legal claims against Defendants under the Freedom of Information Act ("FOIA") to which no response is required. To the extent a response is required, Defendants aver that the referenced proposals and decisions speak for themselves, refer the Court to those proposals and decisions, and deny any allegations inconsistent therewith.

3. Paragraph 3 consists of factual allegations that are not relevant to Plaintiff's legal claims against Defendants under FOIA to which no response is required.

4. With respect to the first sentence of paragraph 3, Defendants admit only that Plaintiff submitted three FOIA requests, and respectfully refer the Court to those requests for a true and accurate statement of their contents. The remainder of Paragraph 4 consists of Plaintiffs' characterization of their requests and the reasons for making them, to which no response is required.

5. The first sentence of Paragraph 5 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that OMB has not responded to the three FOIA requests at issue and otherwise deny the allegations. The second sentence of Paragraph 5 contains Plaintiff's prayer for relief, to which no response is required.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

7. The allegations in Paragraph 7 consist of Plaintiff's conclusions of law regarding venue, to which no response is required.

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. The allegations in Paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, OMB admits only that it is an agency for purposes of FOIA and that Plaintiff seeks records from OMB.

10. The allegations in Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, OIRA admits that it is an office within OMB.

## FACTUAL ALLEGATIONS

### *Background*

11. The first two sentences of Paragraph 11 consist of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required. The allegations in the third sentence of Paragraph 11 purport to construe the contents of two DHS reports. Defendants aver that the cited reports speak for themselves and respectfully refer the Court to those reports for a true and accurate statement of their contents.

12. Paragraph 12 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required.

13. The first sentence of Paragraph 13 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response

is required. The second and third sentences of Paragraph 13 appear to be a characterization of the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq*. Defendants aver that these allegations consist of legal conclusions, to which no response is required.

14. Paragraph 14 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required. The remaining allegations in Paragraph 14 consist of Plaintiff's description of the FOIA request it submitted on December 9, 2025 (the "2025 Request"), to which no response is required. Defendants aver that the 2025 Request speaks for itself and respectfully refer the Court to the request for a true and accurate statement of its contents.

15. Paragraph 15 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required.

16. Paragraph 16 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required.

17. The allegations in Paragraph 17 consist of Plaintiff's description of the FOIA request dated August 2, 2024 (the "2024 Request"), to which no response is required. Defendants aver that the 2024 Request speaks for itself and respectfully refer the Court to the request for a true and accurate statement of its contents.

18. Paragraph 18 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required. The remaining allegations in Paragraph 18 consist of Plaintiff's description of the FOIA request it submitted on March 30, 2026 (the "2026 Request"), to which no response is required. Defendants aver that the 2026 Request speaks for itself and respectfully refer the Court to the request for a true and accurate statement of its contents.

19. Paragraph 19 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required. Additionally, the second sentence of Paragraph 19 purports to construe the contents of a separate lawsuit. Defendants aver that that litigation speaks for itself and respectfully refer the Court to that litigation for a true and accurate reflection of what the litigation entailed.

20. Paragraph 20 consists of factual allegations not relevant to Plaintiff's legal claims against Defendants under FOIA, to which no response is required.

### ***FOIA Requests***

#### *The August 2, 2024 FOIA Request*

21. OMB admits that Plaintiff submitted a FOIA request dated August 2, 2024, and that Exhibit A, ECF No. 1-1, contains a true and correct copy of the request. The remaining allegations in Paragraph 21 consist of Plaintiff's description of the 2024 Request, to which no response is required. OMB avers that the 2024 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

22. The allegations in Paragraph 22 consist of Plaintiff's description of the 2024 Request, to which no response is required. OMB avers that the 2024 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

#### *The December 9, 2025 FOIA Request*

23. OMB admits that Plaintiff submitted a FOIA request on December 9, 2025, and that Exhibit B, ECF No. 1-2, contains a true and correct copy of the request. The remaining allegations in Paragraph 23 consist of Plaintiff's description of the 2025

Request, to which no response is required. OMB avers that the 2025 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

24. The allegations in Paragraph 24 consist of Plaintiff's description of the 2025 Request, to which no response is required. OMB avers that the 2025 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

*The March 30, 2026 FOIA Request*

25. OMB admits that Plaintiff submitted a FOIA request on March 30, 2026, and that Exhibit C, ECF No. 1-3, contains a true and correct copy of the request. The remaining allegations in Paragraph 25 consist of Plaintiff's description of the 2026 Request, to which no response is required. OMB avers that the 2026 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

26. The allegations in Paragraph 26 consist of Plaintiff's description of the 2026 Request, to which no response is required. OMB avers that the 2026 Request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents.

* * *

27. OMB admits that Plaintiff sought fee waivers, and categorization as a representative of the new media or as an educational institution requester for fee purposes, in connection with their three FOIA requests and avers that the remaining allegations in Paragraph 27 consist of legal conclusions, to which no response is required. OMB further

avers that the FOIA requests speak for themselves and respectfully refers the Court to the FOIA requests for a true and accurate statement of their contents.

***Agency Response***

28. OMB admits that on August 4, 2024, it acknowledged, by e-mail, receipt of Plaintiff's 2024 Request and that Exhibit D, ECF No. 1-4, contains a true and correct copy of that e-mail. OMB avers that the August 4, 2024, e-mail speaks for itself and respectfully refers the Court to that e-mail for a true and accurate statement of its contents. OMB further admits that it has not responded to the 2024 Request, and otherwise denies the allegations in the third sentence of Paragraph 28.

29. OMB admits that on December 10, 2025, it acknowledged, by e-mail, receipt of Plaintiff's 2025 Request and that Exhibit E, ECF No. 1-5, contains a true and correct copy of that e-mail. OMB avers that the December 10, 2025, e-mail speaks for itself and respectfully refers the Court to that e-mail for a true and accurate statement of its contents. OMB further admits that it has not responded to the 2025 Request, and otherwise denies the allegations in the third sentence of Paragraph 29.

30. OMB admits that on March 30, 2026, it acknowledged, by e-mail, receipt of Plaintiff's 2026 Request and that Exhibit F, ECF No. 1-6, contains a true and correct copy of that e-mail. OMB avers that the March 30, 2026, e-mail speaks for itself and respectfully refers the Court to that e-mail for a true and accurate statement of its contents. OMB further admits that it has not responded to the 2026 Request, and otherwise denies the allegations in the third sentence of Paragraph 30.

31. The allegations in Paragraph 31 consist of legal conclusions to which no response is required.

32. The allegations in Paragraph 32 consist of legal conclusions to which no response is required.

33. The allegations in Paragraph 33 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**CAUSES OF ACTION**

34. The allegations in Paragraph 34 consist of legal conclusions, to which no response is required.

35. The allegations in Paragraph 35 consist of legal conclusions, to which no response is required.

36. The allegations in Paragraph 36 consist of legal conclusions, to which no response is required.

**PRAYER FOR RELIEF**

The paragraphs in the "Prayer for Relief" section constitute a prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief or any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative and other defenses, Defendants allege as follows:

First Defense

Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

Second Defense

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority.

Third Defense

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

Fourth Defense

FOIA does not require Defendants to create new records, provide reasons for its actions, or explain the conduct of the agency.

Defendants may have additional defenses that are not known to them at this time, but that may be ascertained during litigation. Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants having fully answered the allegations in the complaint and stated their defenses, respectfully request that this Court dismiss the complaint with prejudice, enter judgment in favor of Defendants award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: New York, New York
September 28, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: */s/ Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2777